**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | **CRIMINAL NO.** |
| | § | |
| **DARREN WHITE** | § | |

<u>**PLEA AGREEMENT**</u>

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and Melissa Annis, Assistant United States Attorney, and the defendant, Darren White ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**Defendant's Agreement**

1.   Defendant agrees to plead guilty to Counts One and Two of the Criminal Information.   Count One charges Defendant with conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349.   Count Two charges Defendant with money laundering conspiracy in violation of Title 18, United States Code, Section 1956(h). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable

doubt. In addition, as more fully set forth in the Restitution section of this agreement, Defendant agrees to the issuance of a Presentence Restitution Order requiring Defendant to make monthly restitution payments of $2,000.00 into the registry of the Court until Defendant is no longer on conditions of release.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1349 is imprisonment of not more than 20 years and a fine of not more than $250,000.00. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1956(h), is imprisonment of not more than 20 years and a fine of not more than $500,000.00 or twice the amount involved in the financial transaction, whichever is greater. Additionally, Defendant may receive a term of supervised release after imprisonment of up to 3 years after a conviction under Title 18, United States Code, Sections 1349 and 1956(h). *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands

that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.     Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction for a total payment of $200.00.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Cooperation

3

5.     The parties understand this Agreement carries the potential for a motion for departure under § 5K1.1 of the United States Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas.   Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to § 5K1.1 of the Sentencing Guidelines.  Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraphs 22-26 of this agreement.      Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.     Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including, but not limited to, mail and wire fraud, conspiracy to commit mail and/or wire fraud, laundering proceeds of mail and wire fraud and conspiracy to commit money laundering. Defendant understands that such information includes both state and federal offenses arising therefrom.   In that regard:

4

(a)     Defendant agrees that this Plea Agreement binds only the United States Attorney for the Southern District of Texas and Defendant, and that it does not bind any other United States Attorney or other component or unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.   Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this Agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete, and accurate information and testimony and understands any false statements made by Defendant to the grand jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f)     Should the recommended departure, if any, not meet Defendant's expectations, Defendant understands he remains bound by the terms of this Agreement and that he cannot, for that reason alone, withdraw his plea.

**Waiver of Appeal and Collateral Review**

7.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a

conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255.   In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005).   Accordingly, Defendant understands that, although the Court must consult

6

the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

9.   Defendant understands and agrees that each and all waivers contained in the Agreement as well as the agreement to cooperate are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

10.   The United States agrees to each of the following:

(a)   If Defendant pleads guilty to Counts One and Two of the criminal information, and persists in that plea through sentencing and commits no further criminal offenses, and if the Court accepts this plea agreement, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines;

(b)   If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines and the Defendant's offense level is 16 or greater, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense; and

(c)   If Defendant persists in his plea to Counts One and Two of the criminal information, and persists in that plea through sentencing, and if the court accepts this plea agreement, the United States agrees not to further prosecute the defendant for offenses arising from the conduct charged in the criminal information which are known to the United States at the time of the execution of this plea agreement.

7

**Agreement Binding - Southern District of Texas Only**

11.   The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the criminal information which are known to the United States at the time of the execution of this plea agreement.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

12.   The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)   to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)   to set forth or dispute sentencing factors or facts material to sentencing;

(c)   to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)   to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

8

(e)    to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

14.    Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement.    Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf.  If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

15.  Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts One and Two of the indictment.  If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.  The following facts, among others would be offered to establish Defendant's guilt:

Defendant Darren White (White) and his co-conspirator Lorne Todd Wise (Wise) engaged in a scheme to defraud Houston Refining LP through an invoicing scheme. The scheme involved submitting vendor invoices from White's defunct corporation, Nate Enterprises, Inc. to Houston Refining LP, at inflated prices. Wise, as a Construction Coordinator at Houston Refining LP, had purchasing authority up to $100,000.00. Wise used this authority to authorize the purchase by Houston Refining LP of products and items from Nate Enterprises, Inc. in quantities not needed by Houston Refining LP. Wise and White agreed to inflate the prices charged to Houston Refining LP. White paid Wise a kickback with proceeds from many of the fraudulent invoices.

Both interstate wire communications and the United States mail were used in the execution of the scheme to defraud. Emails were used by White and Wise to exchange documents necessary to the fraudulent transactions. White would email to Wise a Nate Enterprises, Inc. Sales Quote for specific items Houston Refining LP allegedly needed to purchase. Wise in turn would forward the email to another individual at Houston Refining LP who would create a Purchase Order to purchase the items listed in the Nate Enterprises, Inc. Sales Quote. After Houston Refining LP submitted the Purchase Order to Nate Enterprises, Inc., White created a Nate Enterprises, Inc. invoice for submission to Houston Refining LP. Houston

Refining LP paid Nate Enterprises, Inc.'s invoices by issuing a check payable to Nate Enterprises, Inc.  The checks were mailed to one of two post office boxes established in the name of either Nate Enterprises, Inc. or Gulf Coast Tool and Rental (GCTR), a fabricating business owned by White.  After receiving the checks, White deposited the Houston Refining LP checks in a Wells Fargo Bank account held in the name of Nate Enterprises, Inc.   Between January 2010 and April 2013, White deposited Houston Refining LP checks totaling $1,274,585.55 into the Nate Enterprises, Inc. Wells Fargo Bank account. After depositing the proceeds, White would issue checks to move the fraudulently obtained proceeds to GCTR and to Wise.

The kickback payments to Wise made with the fraudulently obtained proceeds varied in amount, but often were in amounts exceeding $10,000.  For example, on October 1, 2010 White deposited a $31,349.90 check from Houston Refining LP into the Nate Enterprises, Inc. Wells Fargo Bank account.  At the time of this deposit the bank account had a balance of $106.36.  After making the deposit, White wrote check 4316 to GCTR for $19,350.50 and check 4317 to Todd Wise for $12,000.

Proceeds collected in the Nate Enterprises, Inc. bank account were also used to pay for personal expenses and other luxury items purchased by White and/or

Wise. On August 22, 2012 White deposited into the Wells Fargo Bank account, a Houston Refining LP check payable to Nate Enterprises, Inc. in the amount of $43,900. At the time of the deposit the bank account had a balance of $208.25. From this deposit, a recurring bill of $2,649 was paid to the Texas Bay Area Credit Union as a loan payment on a loan obtained to purchase an RV for White and Wise. On August 27, 2012, a $35,000 check was issued by White from the fraud proceeds in the Wells Fargo bank account, made payable to Todd Wise. Wise deposited the check into his personal bank account.

On occasion, the items purchased by Houston Refining LP from Nate Enterprises were never actually delivered to Houston Refining LP. Specifically, Houston Refining LP was invoiced for excessive amounts of fluorescent water tracer dye most of which was never delivered to Houston Refining LP. After learning Houston Refining LP had become suspicious of Wise and the transactions with Nate Enterprises, Inc., White purchased water marker dye in October 2013 for the purpose of concealing the fact he had invoiced Houston Refining LP for product he did not and could not have delivered.

## Breach of Plea Agreement

16. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its

obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

17.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest.   Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

18.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 7 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to,

executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

20.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

21.   Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.   Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $1,000,000.00. Defendant understands and agrees that the Court will determine the amount of

restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

   a. Defendant agrees to the issuance of a Presentence Restitution Order at this time, requiring Defendant to make monthly payments of $2,000.00 toward the restitution obligation that will eventually be imposed against the Defendant. On the first business day of each month following the date of this Plea Agreement, Defendant will make monthly payments into the registry of the Court (via checks to "Clerk, U.S. District Court" at P.O. Box 61010, Houston, Texas 77208) until Defendant is no longer on conditions of release. Defendant agrees that the monthly payment amount is based upon Defendant's current ability to pay and is subject to change in the future, whether increase or decrease. If the Defendant contends that his financial circumstances have materially changed, the Defendant must submit sworn information about that change directly to the lead prosecutor for this case. If the parties come to an agreement, then a new monthly payment amount could be submitted to the Court for approval.

   b. Defendant agrees that if he receives a tax refund, he will within

16

five (5) days of receipt pay funds into the registry of the Court towards the anticipated restitution debt.    If Defendant is single, the entire tax refund amount will be paid; and if Defendant is married, then Defendant's half of the refund will be paid into the registry.    Defendant understands that nothing in this Agreement prevents the United States from pursuing administrative offsets, including by the Internal Revenue Service, once a restitution order has been imposed.

## Forfeiture

22.    Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture and in the United States Supplement to Notice of Forfeiture in Criminal Information is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

23.   Defendant stipulates and agrees that the factual basis for his guilty plea supports the forfeiture against him and in favor of the United States, and Defendant agrees to the imposition of a personal money judgment for $1,000,000.00, against him and in favor of the United States of America.   Defendant stipulates and admits that one or more of the conditions set forth in Title 21, United States Code, section 853(p), exists.  Defendant agrees to forfeit any of his property, or his interest in property, up to the value of any unpaid portion of the money judgment, until the money judgment is fully satisfied.

17

24.   Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

25.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

26.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

**Fines**

27.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

28.   This written plea agreement, consisting of 21 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

29.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on _____January 21_____,
~~2015.~~
2016

_____
Darren White, Defendant

Subscribed and sworn to before me on _____January 21_____,
~~2015.~~
2016

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK
By:   _____
Deputy United States District Clerk

APPROVED:

Kenneth Magidson
United States Attorney
By: _____
Melissa J. Annis
Assistant United States Attorney
Southern District of Texas

_____
Sean Buckley
Attorney for Defendant

19

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.** |
| | § | |
| **DARREN WHITE** | § | |
| | § | |

### PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____       ____1/21/16_____
Sean Buckley                                              Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.   I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.


_____        ___01/21/2016_____
Darren White                                          Date
Defendant